UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN, | Case No. 16-cv-06606-SI |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL** |
| | Re: Dkt. No. 1 |
| HUMBOLDT COUNTY CORRECTIONAL FACILITY, | |
| Respondent. | |

Jacob Silverman, an inmate housed at the Humboldt County Jail in Eureka, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition does not challenge the fact or duration of his confinement, and instead alleges a claim that the ventilation at the jail is inadequate in that the air is too cold and the vents are dusty. His petition for writ of habeas corpus is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A.  Magistrate Judge's July 26, 2017 Order Is Vacated

This action originally was assigned to Magistrate Judge Westmore, and Silverman consented to proceed before a magistrate judge. In an order filed July 26, 2017, Magistrate Judge Westmore found that the action could not go forward as a habeas action and gave Silverman the choice to either (a) consent to convert his petition to a civil rights complaint or (b) withdraw his petition. Silverman did not make a choice, and the deadline by which to do so has long passed.

This action recently was reassigned to the undersigned because a new Ninth Circuit case determined that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. *See*

*Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge).

Under the *Williams* rule, Magistrate Judge Westmore was unable to take dispositive action because she did not have the consent of the unserved respondent. To avoid any potential concern that the July 26, 2017, order exceeded the magistrate judge's authority as now interpreted in *Williams*, the preferable course is to vacate that order and start over. Accordingly, the order filed July 26, 2017 (Docket No. 6) is now VACATED.

B.     Dismissal Is Necessary Because Habeas Relief Is Unavailable For The Claim Asserted

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

This action must be dismissed because the Ninth Circuit has made it clear that federal habeas relief is not available for a claim challenging the conditions of confinement, such as is asserted in Silverman's petition for writ of habeas corpus. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016), *cert. denied,* 137 S. Ct. 645 (2017). *Nettles* held that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. *Nettles*, 830 F.3d at 927-28.

*Nettles* applies to the present action because success on Silverman's claim will not necessarily lead to immediate or speedier release from custody. That is, if Silverman prevails on his claim that the ventilation is inadequate in that the air is too cold or the vents are too dusty, it will not necessarily follow that he will be released from jail on a date sooner than otherwise would occur. Silverman's only potential recourse in federal court is to file a § 1983 complaint.

In an appropriate case, a habeas petition may be construed as a § 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *see Nettles*, 830 F.3d at 935-36. Although the court may construe a habeas petition as a civil rights complaint, it is not required to do so. Since the time when *Wilwording* was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, the fee is now $400 (with $50 of that fee reduced if the prisoner is allowed to proceed *in forma pauperis*). A prisoner is now required to pay the fee, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his prisoner trust account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Further, Silverman's petition is not amenable to conversion because it does not name the proper defendant. *See Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)) (in order to be converted, petition must be "'amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'")

In view of these potential pitfalls for Silverman if the court were to construe the petition as a civil rights complaint, and because it appears he does not name the correct defendant, the court declines to construe the petition as a civil rights complaint. This action is DISMISSED without prejudice to Silverman filing a complaint under 42 U.S.C. § 1983 to challenge the adequacy of the ventilation at the county jail. The court is not making a decision on the merits of Silverman's claim, but only determining that he has filed the wrong sort of case in which to assert it.

The *in forma pauperis* application is GRANTED. Docket No. 4.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 9, 2018

SUSAN ILLSTON
United States District Judge